# COURT OF APPEALS
# DECISION
# DATED AND FILED

# July 11, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP1995-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2017CF3559

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

JONATHAN DAVID WILKE,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Milwaukee County:  T. CHRISTOPHER DEE, Judge.  *Affirmed*.

Before Brash, C.J., Donald, P.J., and White, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1  PER CURIAM.  Jonathan David Wilke, *pro se*, appeals a judgment convicting him of multiple serious felonies and an order denying his motion for

postconviction relief. Wilke argues that: (1) the circuit court should not have allowed victim J.J.'s identification of him in a lineup to be admitted at trial; (2) the error was not harmless; (3) the lineup was impermissibly suggestive; and (4) the circuit court erred in allowing trial testimony about victim T.J.'s reaction as she viewed the lineup. We affirm.

¶2 Wilke slowly walked up to a minivan parked in an alley, approaching from the front, in the late hours of April 18, 2017. He paused in the headlights to put on his glasses and then opened fire on a family inside the vehicle. Wilke did not know his victims. T.J., the mother, was shot nine times. Her sons D.J., eighteen, and J.J., fourteen, and her grandchild A.B., six, were in the minivan with their mother. After a jury trial, Wilke was convicted of one count of attempted first-degree intentional homicide with use of a dangerous weapon and as a habitual criminal, three counts of first-degree recklessly endangering safety with use of a dangerous weapon, one count of unlawfully possessing a firearm after being convicted of a felony as a serious violent crime repeater, and one count of unlawfully possessing a firearm after being adjudicated delinquent, as a habitual criminal. The circuit court sentenced Wilke to a total of thirty-six and one-half years of initial confinement and nineteen and one-half years of extended supervision.

¶3 Wilke first argues that the circuit court erred in admitting fourteen-year-old J.J.'s identification of him in the lineup because Wilke did not have an attorney present. The State concedes that the lineup was constitutionally defective. *See **United States v. Wade***, 388 U.S. 218, 224-26 (1967) (the accused is entitled to the assistance of counsel at a lineup conducted after being charged). However, the State argues—and we agree—that the error was harmless.

¶4 An "error is harmless if it is clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error." *State v. Harvey*, 2002 WI 93, ¶49, 254 Wis. 2d 442, 647 N.W.2d 189 (citation omitted). Even if J.J.'s identification of Wilke from the lineup had not been admitted, D.J., who was eighteen, unequivocally identified Wilke from a photo array as the person who repeatedly shot his mother. At trial, D.J. testified that he had a clear view of the shooter because he was seated in the middle seat of the minivan, behind the driver's seat and the front passenger's seat, where his mother was sitting. D.J. testified that he watched Wilke walking slowly down the alley toward the front of the minivan in the headlights, which were on, and watched him as he stopped in front of the minivan and stared into the car. D.J. testified that he wanted to get out of the car to see if the man was okay, but his mother locked the doors and would not let him exit the car. D.J. testified that he watched as the man then put on some eyeglasses and fired into the front windshield at his mother. D.J. testified that the shooter then walked to the passenger's side of the car and repeatedly fired in the side window at his mother.

¶5 In addition to D.J.'s identification of Wilke, other circumstantial evidence placed Wilke at the scene. T.J. testified at trial that although she did not ultimately identify anyone from the photo array, one of the six photos she saw caused her stomach to spin and made her feel sick, although she did not remember which of the six photos caused this reaction. Detective Brendan Dolan testified that he administered T.J.'s photo array and he noticed that she reacted to Wilke's photo, looking "long and hard" at it, although she did not ultimately identify anyone. Police Detective Martin Saavedra testified that Wilke became a suspect in this case after an analyst at the State Crime Lab determined that the bullets that were fired at the minivan were fired from the same gun as a bullet found at another

crime scene, one at which Wilke admitted being present. Based on this evidence, we conclude that a rational jury would have found Wilke guilty even if J.J.'s identification of Wilke had not been admitted at trial. *See id.*

¶6    Wilke next argues in his brief-in-chief that the lineup was impermissibly suggestive. However, in his reply brief, Wilke concedes that he forfeited this argument. Therefore, we do not consider this argument.

¶7    Finally, Wilke argues that the circuit court erred in allowing testimony to be admitted at trial about T.J.'s reaction as she was viewing the photo array. Prior to trial, Wilke's counsel conceded that there was no legal basis for excluding T.J.'s testimony about her reactions to the array photos or Detective Dolan's testimony about his observations during the photo array. Therefore, Wilke forfeited his right to raise this argument. *State v. Bodoh*, 226 Wis. 2d 718, 737, 595 N.W.2d 330 (1999) ("It is the often-repeated rule in this State that issues not raised or considered in the trial court will not be considered for the first time on appeal.")

    *By the Court.*—Judgment and order affirmed.

    This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.